# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:13-cv-00146-MR-DLH

| | |
|---|---|
| CAPITAL BANK, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| BRIGHT'S CREEK LOT 71, LLC ) | |
| and SAMUEL LANCELOTTA, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment as to Defendants Bright's Creek Lot 71, LLC and Samuel Lancelotta [Doc. 13] and Defendant Samuel Lancelotta's Motion for Summary Judgment [Doc. 15].

**I.    PROCEDURAL BACKGROUND**

This is an action for a deficiency judgment against the Defendants Bright's Creek Lot 71, LLC ("Bright's Creek") and Samuel Lancelotta ("Lancelotta") brought by the Plaintiff Capital Bank, N.A. ("the Bank"). The Bank filed its Complaint in the General Court of Justice for Polk County, North Carolina, Superior Court Division, on April 5, 2013, and the

Defendants were both served with process on April 25, 2013. [Doc. 1-1]. On May 24, 2013, the Defendants filed a Notice of Removal to this Court on the basis of diversity of citizenship under 28 U.S.C. §1332(a). [Doc. 1].

Following removal, the Defendants filed an Answer to the Complaint. [Doc. 5]. A Pretrial Order was entered setting a motions deadline of May 1, 2014, and setting this matter for trial during the September 8, 2014 mixed trial term. [Doc. 8].

Both the Bank and Lancelotta now move for summary judgment. [Docs. 13, 15]. Having been fully briefed, these matters are now ripe for disposition.

## II.  STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering the facts for the purposes of a summary judgment motion, the Court must view the pleadings and materials presented in the light most favorable to the nonmoving party and must draw all reasonable inferences in the nonmoving party's favor. Adams v. Trustees of the Univ. of N.C.-Wilmington, 640 F.3d 550, 556 (4th Cir. 2011).

## III. FACTUAL BACKGROUND

On May 8, 2006, Defendant Bright's Creek purchased a home located at Lot 71 in Brights Creek, a subdivision in Polk County, North Carolina. To fund the purchase, Bright's Creek obtained a loan from First National Bank of Spartanburg, Div. of First National Bank of the South ("First National")[1] in the principal amount of $1,620,000.00. The loan, which was an interest-only loan with a maturity date of May 7, 2008, was evidenced by a promissory note executed May 8, 2006 (the "Note"). [Doc. 1-1 at 22]. In connection with the Note, Bright's Creek executed a North Carolina Real Estate Deed of Trust, which was duly recorded in the Office of the Register of Deeds for Polk County, North Carolina, granting First National a security interest in the property. Further, Defendant Lancelotta executed a Commercial Guaranty Agreement, guaranteeing the full, faithful and timely payment of the indebtedness due under the Note. [Doc. 1-1 at 35].

Upon maturity of the original Note, Bright's Creek executed a renewal note in the principal sum of $1,620,000.00 (the "Renewal Note"). [Id. at

---

[1] The Bank is the owner and holder of the Note and the Renewal Note by virtue of its merger with NAFH National Bank as successor in interest to First National Bank of the South and to First National Bank of Spartanburg, a Division of First National Bank of the South, and by reason of its asset acquisition from the FDIC.

24]. Lancelotta executed a Commercial Guaranty Agreement in connection with the Renewal Note (the "Second Guaranty"), again guaranteeing the full payment of the indebtedness due under the Renewal Note. [Id. at 37]. In pertinent part, Lancelotta further assumed liability "for any deficiency remaining after foreclosure of any mortgage or security interest securing [the] indebtedness." [Id. at 38].

The full balance of the Renewal Note came due on May 4, 2009, and Bright's Creek defaulted on the Renewal Note. The Bank thereafter instituted foreclosure proceedings in Polk County, North Carolina, on July 13, 2011. On August 24, 2011, the Polk County Clerk of Superior Court issued its Order directing the Substitute Trustee to proceed with foreclosure under the terms of the Deed of Trust, and to conduct a foreclosure sale at the date and time given in the Notice of Substitute Trustee's Sale of Real Estate. [Id. at 39]. Following an appeal of the foreclosure proceedings in which the Bank was successful, the property was sold on February 7, 2013 at public sale to the Bank as the highest bidder for $794,000.00. [Id. at 43; Affidavit of Kaye Gaddis ("Gaddis Aff."), Doc. 13-1 at ¶ 12].

The Substitute Trustee's Final Report and Account of Foreclosure Sale was filed in Polk County on February 28, 2013. [Doc. 1-1 at 48]. After crediting the sale proceeds to the outstanding balance due on the Notes, a

deficiency balance remained in the amount of $1,149,101.90 through March 27, 2013, plus the costs of collecting the deficiency balance, interest, and real estate taxes paid by the Bank. [Gaddis Aff., Doc. 13-1 at ¶¶13, 14].

## IV. DISCUSSION

In its motion for summary judgment, the Bank argues that under the terms of the parties' agreements, the Defendants are liable for the outstanding balance due under the Renewal Note, plus the costs of collecting the deficiency balance, interest, and real estate taxes paid by the Bank. In response to the Bank's motion, and in seeking summary judgment in favor of Lancelotta specifically, the Defendants argue that the Bank's claims are barred by the three-year statute of limitations applicable to actions for breach of contract. Alternatively, they contend that a genuine issue of material fact exists regarding the reasonableness of the amount of the deficiency claimed following the foreclosure sale. Further, the Defendants argue that the Bank is not entitled to an award of attorneys' fees. The Court will address each of these arguments in turn.

### A. Statute of Limitations

The Defendants contend that the Bank's action for a deficiency judgment is time barred because the action was filed more than three years

following the Defendants' default. In so arguing, the Defendants rely upon the North Carolina statute of limitations applicable to breach of contract actions, N.C. Gen. Stat. § 1-52(1). The Bank, however, is not pursuing a breach of contract action against the Defendants; rather, it is seeking a deficiency judgment for the unpaid balance of the mortgage debt following the foreclosure on the property. A lender may bring an action against a borrower for a deficiency judgment where the foreclosure sale failed to yield the full amount of debt owed. See <u>Carolina Bank v. Chatham Station, Inc.</u>, 186 N.C. App. 424, 428, 651 S.E.2d 386, 389 (2007) ("If the foreclosure sale of real property which secures a non-purchase money mortgage fails to yield the full amount of due debt, the mortgagee may sue for a deficiency judgment.") (footnote omitted); <u>Hyde v. Taylor</u>, 70 N.C.App. 523, 526, 320 S.E.2d 904, 906 (1984) ("A deficiency judgment is an imposition of personal liability on mortgagor for unpaid balance of mortgage debt after foreclosure has failed to yield full amount of due debt.") (internal quotations and citation omitted).

The statute of limitations for an action for a deficiency judgment is governed by N.C. Gen. Stat. § 1-54(6), which provides, in pertinent part, as follows:

> Within one year an action or proceeding –

> (6) For a deficiency judgment on any debt, promissory note, bond or other evidence of indebtedness after the foreclosure of a mortgage or deed of trust on real estate securing such debt, promissory note, bond or other evidence of indebtedness, which period of limitation above prescribed commences with the date of the delivery of the deed pursuant to the foreclosure sale: Provided, however, that if an action on the debt, note, bond or other evidence of indebtedness secured would be earlier barred by the expiration of the remainder of any other period of limitation prescribed by this subchapter, that limitation shall govern.

N.C. Gen. Stat. § 1-54(6). Thus, the Bank had one year from the delivery of the deed pursuant to the foreclosure sale to bring the present action, not three years from the default as argued by the Defendants.

Seizing upon the language of the statute that provides that "if an action on the debt, note, bond or other evidence of indebtedness secured would be earlier barred by the expiration of the remainder of any other period of limitation prescribed by this subchapter, that limitation shall govern," Lancelotta argues that § 1-54(6) cannot be used to extend or revive the three-year statute of limitations applicable to the Bank's claim against him for breach of the guaranty agreement. Essentially, Lancelotta argues that because three years had passed following Bright Creek's default without the Bank pursuing an *in personam* action against him for the

indebtedness owed, the Bank is now precluded from asserting a deficiency action against him.[2]

Lancelotta misconstrues the language of the statute. By its plain terms, Section 1-54(6) provides a one-year statute of limitations for the filing of deficiency judgment actions, except where the original action on the note was untimely. The Plaintiff brings this action, however, for a deficiency. By the language of the Second Guaranty itself, Lancelotta expressly agreed that he would be liable "for any deficiency remaining after foreclosure of any mortgage or security interest securing indebtedness, whether or not the liability of Borrower or any other obligor for such deficiency is discharged pursuant to statute or judicial decision." [Doc. 1-1 at 38]. The Bank's claim against Lancelotta for "any deficiency remaining after foreclosure" naturally did not accrue until the foreclosure proceeding

---

[2] In so arguing, Lancelotta also contends that "the one-year limitation period on seeking a deficiency judgment following foreclosure applies only to a party who has an interest in the secured property, not a guarantor," citing First Citizens Bank & Trust Co. v. Martin, 44 N.C. App. 261, 264, 261 S.E.2d 145, 148 (1979). [Doc. 16 at 6-7]. Lancelotta seriously misconstrues the holding of First Citizens. In that case, the mortgagee bank sued the individual makers for the balance due on a promissory note after foreclosure of a deed of trust on property securing the underlying debt. The North Carolina Court of Appeals held that the defendants, as individual makers of the note who did not pledge any collateral as security, could not assert the one-year statute of limitations set forth in § 1-54(6) as a bar to an action for a deficiency judgment against them. Id. at 264, 261 S.E.2d at 148. First Citizens does not hold, as Lancelotta suggests, that a guarantor of an indebtedness cannot be held liable for a deficiency judgment following a foreclosure unless the same is brought within three years of the original default.

was completed and a deficiency remained. Thus, the statute of limitations for the Bank's claim for a deficiency judgment against Lancelotta was not triggered until the foreclosure was completed.

For the foregoing reasons, the Court concludes that the Plaintiff's action for a deficiency judgment against the Defendants is not time barred.

**B.    The Amount of the Alleged Deficiency**

Having determined that action is not time barred, the Court turns to the issue of the reasonableness of amount of the deficiency judgment that is being sought.

N.C. Gen. Stat. § 45-21.36 states, in pertinent part, as follows:

> When any sale of real estate has been made by a mortgagee, trustee, or other person authorized to make the same, at which the mortgagee, payee or other holder of the obligation thereby secured becomes the purchaser and takes title either directly or indirectly, and thereafter such mortgagee, payee or other holder of the secured obligation, as aforesaid, shall sue for and undertake to recover a deficiency judgment against the mortgagor, trustor or other maker of any such obligation whose property has been so purchased, it shall be competent and lawful for the defendant against whom such deficiency judgment is sought to allege and show as matter of defense and offset, but not by way of counterclaim, that the property sold was fairly worth the amount of the debt secured by it at the time and place of sale or that the amount bid was substantially less than its true value, and, upon

9

> such showing, to defeat or offset any deficiency judgment against him, either in whole or in part….

N.C. Gen. Stat. § 45-21.36.

Pursuant to this provision, a debtor may claim a setoff against a deficiency judgment to the extent that the bid at the foreclosure is substantially less than the true value of the realty if the following requirements are met: (1) the creditor forecloses pursuant to a power of sale clause; (2) there was a deficiency; and (3) the creditor who foreclosed is the party seeking a deficiency judgment. Mountain 1st Bank & Trust v. Galdena, LLC, No. COA12-1322, 2013 WL 3770668, at *2 (N.C. Ct. App. July 16, 2013). "N.C. Gen. Stat. § 45-21.36 applies well-settled principles of equity to provide protection for debtors whose property has been sold and purchased by their creditors for a sum less than its fair value." NCNB v. O'Neill, 102 N.C. App. 313, 316, 401 S.E.2d 858, 859 (1991).

The statute may only be invoked by a person with an actual property interest in the mortgaged property, not a guarantor. Resolution Trust Corp. v. Cunningham, No. 93-1303, 1993 WL 542182, at *4 (4th Cir. Dec. 22, 1993). Since a guarantor is obligated only to pay that which the principal debtor has not paid, however, Lancelotta is entitled to the benefit of any payment made or credit obtained by the debtor in satisfaction of the note.

See id.; see also High Point Bank and Trust Co v. Highmark Properties, LLC, 750 S.E.2d 886, 891 (N.C. Ct. App. 2014) (holding that where borrower's indebtedness was reduced by defense of offset, guarantor could only be held responsible for amount of reduced indebtedness).

Here, Bright's Creek has presented an affidavit by Lancelotta, in which he estimates that the value of the property at the time of the foreclosure sale was between $1,450,000 and $1,800,000. [Affidavit of Samuel J. Lancelotta ("Lancelotta Aff."), Doc. 21 at ¶¶ 4, 20]. Lancelotta further opines that the Bank's 2011 appraisal, upon which the Bank apparently relied upon in making its foreclosure bid, substantially under-valued the subject property. [Id. at ¶ 19]. Lancelotta states that his opinions are based on his "knowledge of the subject property and is informed by over 15 years of experience in the real estate industry as a real estate broker." [Id. at ¶ 4]. Additionally, he cites his educational background, which includes a Master's Degree in Real Estate from the Johns Hopkins University. [Id.]. Notably, the Bank does not address the Defendants' assertion of N.C. Gen. Stat. 45-21.36 and makes no objection to the proffer of Lancelotta's testimony regarding the value of the subject property.

Based upon the foregoing, the Court concludes that the testimony of Lancelotta, as the member-manager of Bright's Creek, is sufficient to create a genuine issue of material fact as to the true value of the property and thus the amount of a deficiency that the Bank can recover against the borrower. Accordingly, the Bank's motion for summary judgment will be denied.

Because the Court has concluded that genuine issues of material fact exist regarding the Defendants' liability, the Court need not address the Defendants' argument regarding the availability of attorneys' fees. Such issue shall be reserved for trial.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment as to Defendants Bright's Creek Lot 71, LLC and Samuel Lancelotta [Doc. 13] and Defendant Samuel Lancelotta's Motion for Summary Judgment [Doc. 15] are **DENIED**.

**IT IS SO ORDERED.**

Signed: July 28, 2014

Martin Reidinger
United States District Judge